*Elizabeth S. Champlin et al.* v. *Henry Parish.* H. W. Warner, for complainants; A. M. Sherman & J. Rhoades, for defendant. Decided that the statute of frauds does not alter the rules of pleading. And that if the complainant, in his bill, states the making of a contract, without alleging that it was by parol, the court will presume it to have been in writing and duly executed where the nature of the agreement is such that it would not be valid unless it was in writing. That if the agreement stated in the bill is denied by the answer of the defendant, the complainant must prove such an agreement as would be valid within the statute of frauds, although nothing is said in the answer, on that subject. But if the making of the agreement is admitted by the answer, the defendant must insist in his answer that it was not in writing, and therefore not binding upon him.

That upon a sale of real estate at auction, even if the auctioneer is to be considered as the agent of both parties, with-

*[margin notes: Statute of frauds—rules of pleading relating to. On sale of lands at auction, auctioneer must sign contract.]*

in the statute of frauds, he must still reduce the contract to writing at the time of such sale, and must subscribe it as their lawfully authorized agent, or at least as the agent of the vendor, in order to render it a valid contract of sale under the provisions of the revised statutes.

Decree appealed from reversed, and bill dismissed with costs, to be paid out of trust estate.